# UNITED STATES DISTRICT COURT
# MDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

PATRICIA BRADLEY-BELL,

    Plaintiff,

v.                                               Case No. 8:18-cv-863-T-AAS

NANCY A. BERRYHILL,
**Acting Commissioner,**
**Social Security Administration,**

    **Defendant.**
_____/

## ORDER

Plaintiff Patricia Bradley-Bell seeks judicial review of a decision by the Commissioner of Social Security (Commissioner) denying her claim for supplemental security income (SSI) and disability insurance benefits (DIB) under the Social Security Act, 42 U.S.C. Section 405(g). After reviewing the record, including a transcript of the proceedings before the Administrative Law Judge (ALJ), the administrative record, and the pleadings and joint memorandum submitted by the parties, the Commissioner's decision is **REMANDED** for further consideration consistent with this order.

## I.    PROCEDURAL HISTORY

Ms. Bradley-Bell protectively filed a Title II application for a period of disability, DIB, and protectively filed a Title XVI application for SSI on December 29, 2014. (Tr. 267–281). In both applications, Ms. Bradley-Bell alleged disability beginning November 1, 2014. *Id.* The claims were denied at both the initial and

reconsideration levels, and Ms. Bradley-Bell timely requested a hearing before an ALJ, which was held on July 31, 2017. (Tr. 156, 33–57). The ALJ issued an unfavorable decision to Ms. Bradley-Bell on October 6, 2017. (Tr. 33–57). Ms. Bradley-Bell then requested review from the Appeals Council, which was denied. (Tr. 1–6). Ms. Bradley-Bell timely filed a complaint with this court. (Doc. 1). This case is now ripe for review under 42 U.S.C. § 405(g).

## II. NATURE OF DISABILITY CLAIM

### A. Statement of the Case

Ms. Bradley-Bell was born in November 1965 and completed high school. (Tr. 21). She also attained post-secondary education and earned a bachelor's degree. (Tr. 37). Ms. Bradley-Bell has past relevant work as a data entry clerk and a pastoral assistant. (Tr. 21). She alleged disability beginning November 1, 2014 due to back injury; arthritis; chronic pain from surgery and mobility problems; pain, numbness and swelling in her legs and hands; and high blood pressure. (Tr. 41–46, 293).

### B. Summary of ALJ's Decision

The ALJ must follow five steps when evaluating a claim for disability.[1] 20 C.F.R. §§ 404.1520(a), 416.920(a). First, if a claimant is engaged in substantial gainful activity,[2] she is not disabled. §§ 404.1520(b), 416.920(b). Second, if a claimant does not have an impairment or combination of impairments that significantly limit

---

[1] If the ALJ determines that the claimant is under a disability at any step of the sequential analysis, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4), 416.920.

[2] Substantial gainful activity is paid work that requires significant physical or mental activity. §§ 404.1572, 416.910.

2

her physical or mental ability to perform basic work activities, then she does not have a severe impairment and is not disabled. §§ 404.1520(c), 416.920(c); *see McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986) (stating that step two acts as a filter and "allows only claims based on the most trivial impairments to be rejected"). Third, if a claimant's impairments fail to meet or equal an impairment included in the Listings, she is not disabled. §§ 404.1520(d), 416.920(d); 20 C.F.R. pt. 404, subpt. P, app. 1. Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. §§ 404.1520(e), 416.920(e). At this fourth step, the ALJ determines the claimant's residual functional capacity (RFC).[3] Fifth, if a claimant's impairments (considering her RFC, age, education, and past work) do not prevent her from performing other work that exists in the national economy, she is not disabled. §§ 404.1520(g), 416.920(g).

Here, the ALJ determined Ms. Bradley-Bell has not engaged in substantial gainful activity since her alleged disability onset date. (Tr. 16). The ALJ then concluded Ms. Bradley-Bell has severe impairments, including degenerative disk disease or degenerative joint disease of the lumbar spine, and obesity. *Id.* Despite these findings, the ALJ found Ms. Bradley-Bell's impairments or combination of impairments failed to meet or medically equal the severity of an impairment included in the Listings. *Id.*

---

[3] A claimant's RFC is the level of physical and mental work she can consistently perform despite her limitations. §§ 404.1520(f), 416.945(a).

The ALJ then determined Ms. Bradley-Bell had the RFC to perform sedentary work, within the following limitations:

> [Ms. Bradley-Bell] is able to lift ten pounds occasionally; stand or walk for approximately two hours and sit for approximately six hours in an eight-hour workday with normal breaks. She can never climb ladders, ropes, or scaffolds. She can occasionally climb ramps or stairs, balance, stoop, crouch, kneel, or crawl. She should avoid concentrated exposure to hazards.

(Tr. 16–17). Based on Ms. Bradley-Bell's RFC and the testimony of a vocational expert (VE), the ALJ found she is able to perform her past relevant work, and she acquired work skills from past relevant work that are transferable to other occupations with jobs existing in significant numbers in the national economy. (Tr. 21). Therefore, the ALJ found Ms. Bradley-Bell not disabled. (Tr. 22–23).

## III. ANALYSIS

### A. Standard of Review

Review of the ALJ's decision is limited to determining whether the ALJ applied correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether substantial evidence supports his findings. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Dale v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citation omitted). In other words, there must be sufficient evidence for a reasonable person to accept as enough to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citations omitted).

A reviewing court must affirm a decision supported by substantial evidence "even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240

4

n.8 (11th Cir. 2004) (citations omitted). The court must not make new factual determinations, reweigh evidence, or substitute its judgment for the Commissioner's decision. *Id.* at 1240 (citation omitted). Instead, the court must view the whole record, considering evidence favorable and unfavorable to the Commissioner's decision. *Foote,* 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (citation omitted) (stating that the reviewing court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual determinations).

### B. Issues on Appeal

Ms. Bradley-Bell raises three issues on appeal, two of which concern the ALJ's RFC analysis and findings.[4] She generally alleges the ALJ failed to apply the correct legal standards in evaluating the medical source and opinion evidence and, therefore, the ALJ's decision is not supported by substantial evidence. (Doc. 21, p. 9). First, Ms. Bradley-Bell argues the ALJ erred by failing to weigh the evidence in accordance with law. *Id.* at 10. Second, she alleges the ALJ failed to follow the opinions of treating and examining sources. *Id.* at 19. Finally, she contends the ALJ erred in discrediting her testimony pursuant to the applicable pain standard. *Id.* at 24. Because the ALJ's evaluation of the medical source opinions did not adhere to the applicable legal standards, the court must remand the matter for further proceedings.

---

[4] The court will address the first and second issues together because they both relate to the ALJ's RFC analysis and determination.

## 1. ALJ's Evaluation of Medical Source Evidence

Ms. Bradley-Bell first argues the ALJ erred in failing to weigh the evidence in accordance with the law. Specifically, she argues the ALJ did not weigh or even discuss treatment notes and records from her pain management doctor, Dr. Hasan Mousli; her primary care physician, Dr. Vivian Virella (Guzman); and a January 2017 MRI. (Doc. 21, p. 10–12). In response, the Commissioner contends the ALJ fully and properly considered the medical evidence of record, and Ms. Bradley-Bell failed to meet her burden of proof that she is disabled within the meaning of the Social Security Act. *Id.* at 14, 18.

In evaluating an individual's disability claim, an ALJ must "consider all medical opinions in a claimant's case record, together with other relevant evidence." *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 962 (11th Cir. 2015) (citing 20 C.F.R. § 404.1527(b)). "Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178–79 (11th Cir. 2011) (alteration in original) (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2)). In evaluating medical evidence, the ALJ must specifically state the weight given to different medical opinions, and his reasons for doing so. *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986). The ALJ must also give the treating physician's opinion considerable weight, unless good cause for

6

not doing so exists. *Broughton v. Heckler*, 776 F.2d 960, 961 (11th Cir. 1985) (citation omitted). Good cause exists when (1) the evidence does not bolster the treating physician's opinion; (2) the evidence supports a contrary finding; or (3) the treating physician's opinion is conclusory or inconsistent with his own medical records. *Phillips v. Barnhart,* 357 F.3d 1232, 1240–41 (11th Cir. 2004). The ALJ's rejection of a treating physician's opinion must be supported by clearly articulated reasons. *Id.* at 1241. Without clearly articulating his reasons for rejecting a treating physician's opinion, the reviewing court cannot determine if the ALJ's decision is rational or supported by substantial evidence. *Winschel,* 631 F.3d at 1179. "Therefore, when the ALJ fails to 'state with at least some measure of clarity the grounds for his decision,'" a reviewing court "will decline to affirm 'simply because some rationale might have supported the ALJ's conclusion.'" *Id.* (quoting *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984)).

Here, in making his RFC assessment, the ALJ specifically discussed and relied upon some, but not all, of the relevant evidence. The ALJ considered Ms. Bradley-Bell's symptoms and the extent to which her symptoms could reasonably be accepted as consistent with the objective medical evidence and other evidence. (Tr. 17). The ALJ also considered opinion evidence in accordance with regulations. *Id.* The ALJ's RFC analysis also included an assessment of Ms. Bradley-Bell's subjective complaints of pain. To that end, the ALJ discussed January 2015 treatment notes from Marisa Haney, M.D., wherein Dr. Haney noted Ms. Bradley-Bell had no musculoskeletal or neurological complaints and exhibited no gross neurological deficits. (Tr. 18). Eight

7

months later, Ms. Bradley-Bell complained of back pain and ultimately underwent decompressive multi-level laminectomy and fusion on August 31, 2015. *Id.* The ALJ goes on to discuss September 2015 post-surgery treatment notes from Donald Sachs, M.D., who observed no muscle weakness, tenderness, or joint swelling and opined that Ms. Bradley-Bell "did very, very well." (Tr. 18, 547–579). Based on these notes alone, the ALJ found the back surgery was successful in relieving Ms. Bradley-Bell's pain. *Id.* The ALJ also briefly mentions a September 2016 treatment note from Dr. Mousli, December 2016 treatment notes from Dr. Guzman and Dr. Wagner, and finally discusses opinions from consultative examiner, Dr. Bhupendra Gupta. (Tr. 19). With the exception of Dr. Gupta, the ALJ did not indicate what, if any, weight he attributed to the treating physicians' opinions. (Tr. 18–20). Likewise, the ALJ did not articulate any reason for what appears to be his rejection of the treating physicians' opinions, nor does he offer any good cause for failing to do so.

Furthermore, the ALJ did not weigh or even discuss evidence that was critical to the issue of Ms. Bradley-Bell's symptoms and credibility. For example, the ALJ did not address objective medical evidence in the form of MRIs and Ms. Bradley-Bell's prescription for and use of a cane. (Tr. 819–821, 903–904). The ALJ also did not discuss the bulk of Dr. Mousli's reports and opinions. (Tr. 716–729, 809–819, 864–870). As Ms. Bradley-Bell's pain management physician, Dr. Mousli documented Ms. Bradley-Bell's complaints of pain over several months following her back surgery, yet the ALJ discussed only a select few treatment notes. (Tr. 19). Likewise, Ms. Bradley-Bell's primary care physician, Dr. Guzman, documented her treatment and

8

symptomology from approximately April 2013 through 2017. (Tr. 381–386, 428–474, 730, 748–799, 898–902). Dr. Guzman opined that Ms. Bradley-Bell's medical conditions affected her daily activities and functions due to her physical limitations. (Tr. 730). Again, the ALJ only discussed a few of Dr. Guzman's treatment notes. (Tr. 19). The ALJ also did not mention or discuss notes from CORA Rehabilitation Clinic. Those notes document Ms. Bradley-Bell's rehabilitation and therapy for her low back, her subjective complaints of back pain, and the physical therapist's notes on the movements and exercises Ms. Bradley-Bell could and could not perform as a result of her physical limitations. (Tr. 906–931). Finally, the ALJ did not address or weigh an MRI report from January 22, 2017 that documented degenerative changes to Ms. Bradley-Bell's lumbar spine; compressed left S1 nerve root; and multiple areas of neural foraminal narrowing. (Tr. 820–821, 903–904).

An ALJ is not required to refer to every piece of evidence in his decision; however, the ALJ may not engage in picking and choosing evidence to justify the denial of a claim. *Marbury v. Sullivan,* 957 F.2d 837, 839–841 (11th Cir. 1992); *Broughton v. Heckler,* 776 F.2d 960, 962 (11th Cir. 1985) (the ALJ may not pick and choose evidence or medical opinions in isolation to support his decision while disregarding evidence to the contrary). Furthermore, the ALJ erred by failing to evaluate and weigh crucial portions of medical evidence and not providing good cause for doing so. Because of these errors, the court is unable to determine whether the ALJ's decision is supported by substantial evidence. Therefore, remand on this issue is required.

Ms. Bradley-Bell further argues the ALJ failed to follow the opinions of treating and examining medical sources. (Doc. 21, p. 19). Specifically, the ALJ disregarded the findings and opinion of pain management specialist and consultative examiner, Dr. Bhupendra Gupta. *Id.* Ms. Bradley-Bell contends the ALJ improperly substituted his own opinion for the opinion of the medical expert by rejecting Dr. Gupta's findings that Ms. Bradley-Bell could not perform any postural activities and according what was deemed "more appropriate abilities and limitations, based on the totality of the evidence." *Id.* at 20, 21. In response, the Commissioner contends the ALJ properly evaluated the medical source opinions and articulated supported reasons for assigning only some weight to Dr. Gupta's opinion. *Id.* at 22–23.

The Regulations set forth three tiers of sources for medical opinions: (1) treating physicians; (2) non-treating, examining physicians; and (3) non-treating, non-examining physicians. *Himes v. Comm'r of Soc. Sec.*, 585 F. App'x 758, 762 (11th Cir. 2014) (citing 20 C.F.R. §§ 404.1527(c)(1)–(2), 416.927(c)(1)–(2)). While an ALJ usually must afford substantial or considerable weight to a treating physician's opinion, the opinion of a one-time examining doctor—such as a doctor who performs a consultative examination—merits no such deference. *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987). An examining doctor's opinion is, nevertheless, usually accorded greater weight than that of a non-examining physician. *Huntley v. Soc. Sec. Admin., Comm'r*, 683 F. App'x 830, 832 (11th Cir. 2017) (citing *Sryock v. Heckler,* 764 F.2d 834, 835 (11th Cir. 1985)). In the end, an ALJ "is free to reject the opinion of *any* physician when the evidence supports a contrary conclusion." *Id.* (citing *Sryock,*

764 F.2d at 835). However, the ALJ may not ignore relevant evidence, particularly when it supports the plaintiff's position. *Meek v. Astrue,* No. 3:08-cv-317-J-HTS, 2008 WL 4328227, *1 (M.D. Fla. Sept. 17, 2008).

Here, in determining Ms. Bradley-Bell's RFC and entitlement to benefits, the ALJ did not assign weight to the opinions of any of Ms. Bradley-Bell's treating physicians and assigned only some weight to the opinions of Dr. Bhupendra Gupta, a non-treating examining physician. (Tr. 16–20). Dr. Gupta conducted a physical examination of Ms. Bradley-Bell at the Commissioner's request, performed a functional analysis, and observed Ms. Bradley-Bell attempt various movements during the examination. (Tr. 874–878). Dr. Gupta opined that Ms. Bradley-Bell could stand and/or walk for 15 minutes at a time and no more than two hours each in an eight-hour workday, but never climb stairs, ramps, ladders or scaffolds, nor bend, stoop, kneel, crouch, or crawl. (Tr. 881–885). Dr. Gupta noted crepitus in the left knee and severe physical limitations in the right knee. (Tr. 875–76). Dr. Gupta also noted tenderness in the thoracic-lumbosacral area of Ms. Bradley-Bell's spine and scarring from her previous spinal surgeries. *Id.* Dr. Gupta further noted Ms. Bradley-Bell had difficulty performing movements using her lower extremities and used a cane, as medically necessary, for walking. (Tr. 877, 882).

Despite the fact that Dr. Gupta's findings and opinions shared consistencies with those of Ms. Bradley-Bell's treating physicians, the ALJ rejected Dr. Gupta's findings and accorded them only some weight. (Tr. 19). The ALJ stated Dr. Gupta's findings regarding Ms. Bradley-Bell's postural activities were unsupported given his

own unremarkable clinical findings. *Id.* The ALJ then accorded, what he deemed, more appropriate abilities and limitations for Ms. Bradley-Bell based on the totality of the evidence. *Id.* Because the ALJ did not address much of the medical evidence in his decision, the court is unable to determine whether the scope of this "totality of the evidence" is based on substantial evidence in the record. Additionally, the applicable legal standards do not allow an ALJ to substitute his own judgment of the plaintiff's condition for that of the medical experts. *Freeman v. Schweiker,* 681 F.2d 727, 731 (11th Cir. 1982).

The ALJ's error in his treatment of the medical opinion evidence is not harmless. The potential impact of these opinions is reasonably disputed and could have had an effect on the outcome of the ALJ's RFC determination. *See Nyberg v. Comm'r of Soc. Sec.*, 179 F. App'x 589, 592 (11th Cir. 2006) (per curiam). As a result, the failure to evaluate and weigh the opinions of Ms. Bradley-Bell's treating physicians in accordance with the regulatory standards requires remand. *See id.*; *see also Mills v. Astrue,* 226 F. App'x 926, 931 (11th Cir. 2007) (holding the ALJ's failure to articulate reasons for discounting a treating doctor's medical opinion is not harmless, even though there is evidence of record supporting the ALJ's decision, because it would force the court to re-weigh the evidence); *Jamison v. Bowen*, 814 F.2d 585, 588–89 (11th Cir. 1987) ("Where we cannot determine from the ALJ's opinion whether the ALJ applied the statutory requirements and the [Commissioner's] regulations as construed by this circuit, we cannot effectively

perform our duty to ensure that the proper regulatory requirements were in fact applied.").

Based on the above, the court cannot find that the ALJ's decision is supported by substantial evidence. On remand, the ALJ should fully evaluate Ms. Bradley-Bell's medical records, accord the proper weight to the various physicians' medical opinions, and provide adequate support for the weight given to each medical source.

### 2. ALJ's Evaluation of Subjective Complaints

Finally, Ms. Bradley-Bell argues the ALJ's stated reasons for rejecting her subjective complaints were legally insufficient and not based on substantial evidence. Specifically, Ms. Bradley-Bell contends the ALJ failed to consider several medical opinions and objective findings that corroborated Ms. Bradley-Bell's subjective complaints. (Doc. 21, pp. 26–29). In response, the Commissioner asserts substantial evidence supports the ALJ's determination that Ms. Bradley-Bell's subjective statements regarding the intensity, persistence, and functionally limiting effects of her alleged symptoms were not entirely consistent with the medical evidence and other evidence of record. (Doc. 21, p. 30).

In light of the above findings, the court need not address Ms. Bradley-Bell's remaining claim of error. *See Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (stating that it is unnecessary to review other issues raised on appeal where remand is required and such issues will likely be reconsidered in the subsequent proceedings); *Demench v. Sec'y of Dep't of Health and Human Services,* 913 F.2d 882, 884 (11th Cir. 1990) (declining to address plaintiff's remaining arguments due to

conclusions reached in remanding the case). On remand, the Commissioner should reassess the entire record and reweigh the opinion evidence discussed herein, providing sufficient reasons and readily identifiable evidentiary support for his decisions.

IV. **CONCLUSION**

For the foregoing reasons, the Commissioner's decision is **REMANDED**, and the Clerk is directed to enter final judgment in Ms. Bradley-Bell's favor consistent with 42 U.S.C. Sections 405(g) and 1383(c)(3).

**ORDERED** in Tampa, Florida, on June 13, 2019.

*Amanda Arnold Sansone*

AMANDA ARNOLD SANSONE
United States Magistrate Judge